**Arthur Nathaniel AIKEN,
Plaintiff-Appellant,**

v̇.

**James SPALDING, Superintendent, Washington State Penitentiary, and Ken Eikenberry, Attorney General, State of Washington, Defendants-Appellees.**

**No. 81–3592.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1982.

Decided Aug. 17, 1982.

* Honorable William G. East, United States District Judge, District of Oregon, sitting by desig-

Richard S. McMillin, Washington, D. C., for plaintiff-appellant.

James Lobsenz, Seattle, Wash., for defendants-appellees.

Before GOODWIN and POOLE, Circuit Judges, and EAST,* District Judge.

GOODWIN, Circuit Judge.

Aiken appeals the dismissal of his habeas corpus petition pursuant to Rule 9(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (1976). Aiken was resentenced in 1973; his habeas petition, however, was not filed until 1979, due to an undenied lack of diligence by earlier counsel. The petition presents claims challenging the voluntariness of Aiken's confession as well as the effects of pretrial publicity.

Rule 9(a) provides:

"A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner

nation.

shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."

The district court found that the state had made no showing that the delay in the filing of the petition had impaired its ability to address the issues raised therein. The district court agreed, however, with the state's allegations that the lapse of time would prejudice the state in its ability to retry Aiken should he obtain habeas corpus relief. The court ruled that these assertions were cognizable within Rule 9(a), and therefore dismissed Aiken's petition.

Rule 9(a) specifically provides that dismissal may be available where the state has been prejudiced in its ability to respond to a habeas petition by reason of the petitioner's unreasonable delay in filing. The Advisory Committee Note [1] on the rule indicates that the drafters were concerned with the delayed filing of habeas petitions by individuals who had long been on parole or probation or who had served their sentences. Those cases would require difficult factual investigations into long past proceedings. See also IV ABA Standards for Criminal Justice 22–2.4(c) (1980). The State of Washington has not been prejudiced in its ability to respond to Aiken's petition. The state's concern is that trial witnesses have vanished or have forgotten past events and that reprosecution would fail. The question is whether this alone is a valid ground for dismissal under the rule. We hold that it is not.

Rule 9(a) imports into habeas corpus law for the first time the equitable doctrine of laches. Cf. Heflin v. United States, 358 U.S. 415, 420, 79 S.Ct. 451, 454, 3 L.Ed.2d 407 (1959) (Stewart, J. concurring for five Justices); 17 Wright and Miller, Federal Practice and Procedure, § 4268 at 701

(1978). But Rule 9(a) specifically defines the prejudice to be considered—prejudice in responding to the petition. The phrase "in its ability to respond to the petition" was an amendment to the Judicial Conference draft of Rule 9(a).

Given the potentially adverse impact of Rule 9(a) on the availability of habeas relief to state petitioners, Rule 9(a) has been liberally construed in favor of petitioners. See, e.g., Davis v. Adult Parole Authority, 610 F.2d 410, 413 (6th Cir. 1979). Liberal construction also avoids a confrontation with the Suspension Clause of Art. I, § 9, of the United States Constitution. Moreover, Congress has indicated its disfavor of dismissals for delay under Rule 9(a) by eliminating from the proposed draft of the rule a rebuttable presumption of prejudice that could be invoked by the state after a delay of five years.[2] See H.Rep.No.94–1471, 94th Cong., 2d Sess. 4–5, reprinted in 1976 U.S.Code Cong. & Admin.News 2478, 2481.

■ In statutory construction, the plain, obvious meaning of the language of a statute is to be preferred to a curious or hidden sense. Chandler v. Roudebush, 425 U.S. 840, 848, 96 S.Ct. 1949, 1953, 48 L.Ed.2d 416 (1976).

■ Difficulty in reprosecution is not expressly considered in the text of Rule 9(a), and other courts and commentators have suggested that such difficulty was intentionally excluded. See Lerma v. Estelle, 585 F.2d 1297, 1300, n.3 (5th Cir. 1978), cert. denied, 444 U.S. 848, 100 S.Ct. 95, 62 L.Ed.2d 62 (1979) (Rubin, J., dissenting) (petition alleging prison grievance denied for failure to exhaust state administrative remedies). Accord, IV ABA Standards on Criminal Justice, 22–2.4, n.4 (1980); Clinton, "Rule 9 of the Federal Habeas Corpus Rules: A Case Study on the Need for Re-

1. The history of the drafting of the rule leaves some doubt as to the continued viability of the entire text of the Advisory Committee Note, some of which has been carried over from the former text before it was modified in Congress.

2. In 1980 this court summarily reversed a dismissal of an earlier petition in this case when the district court erroneously relied upon the five-year presumption after it had been stricken. See unpublished memorandum, Aiken v. Spalding, No. 80–3126, (9th Cir. August 5, 1980.)

form of the Rules Enabling Acts," 63 Iowa Law Review 15 (1977). We have found no case which holds that difficulty in reprosecuting alone is a basis for denying an otherwise meritorious petition.[3] Substantial delay in the filing of a petition has been held not to justify dismissal. *See e.g., Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970), where a delay of 44 years did not justify dismissal of the petition; and *Davis v. Adult Parole Authority*, 610 F.2d 410, (14 years). It is the state's ability to respond to the petition, not its ability to retry and convict the petitioner, that is relevant at the current stage of this litigation. 17 Wright & Miller, § 4268 at 701 (1978).

The district court erred in relying on the supposed difficulty the state may encounter in mounting a reprosecution in the event Aiken proves that an illegal interrogation underlay the challenged conviction. The district court must instead address the statutory questions set out in 28 U.S.C. 2254(d). The ultimate issue is whether, in fact, Aiken was denied the constitutional protections which he now claims he was denied.

Because the state has failed to show prejudice within the meaning of Rule 9(a), we vacate the judgment of the district court and remand for further proceedings on the § 2254(d) questions.

Vacated and remanded.

POOLE, Circuit Judge, concurring specially.

I concur in the majority opinion because I believe that the result here is dictated by the literal terms of Rule 9, which only permits the state to show prejudice "in its ability to respond to the petition." However, I write separately to express my view that the Rule as interpreted does not conform to the realities of the criminal justice system.

It seems utterly unrealistic to suggest that the state may raise the prejudice it has suffered in responding to the petition caused by petitioner's delay, but that it may not raise the prejudice it will suffer in attempting to retry the underlying charges against him. The principles of equitable estoppel animating Rule 9 apply equally well to the difficulties faced by the state in any retrial as to any problems it may have in responding to petitioner's specific claims. Indeed, as demonstrated by this case, the difficulties involved in marshalling evidence for a retrial, including dispersal of witnesses, faulty memory and unwillingness to testify may often be more significant than the task of meeting petitioner's specific allegations.

Since Rule 9 does not take into account those difficulties, the situation should be called to the attention of the Judicial Conference of the United States so that it may consider modifying the rule to take into account prejudice on retrial.

---

3. *Black v. Coombe*, 506 F.Supp. 626 (S.D.N.Y. 1981), *affirmed without opinion*, 672 F.2d 899 (2d Cir. 1981), rejected a habeas petition on the merits, noting in dicta without any analysis of prior law or the history of the rule that the state would have been prejudiced in its ability

to retry the petitioner should he have withdrawn his prior guilty plea. The passing reference in dicta in *Myers v. State of Wash.*, 646 F.2d 355, 361–2, n.10 (9th Cir. 1981), *vacated and remanded*, —— U.S. ——, 102 S.Ct. 1964, 72 L.Ed.2d 436 (1982), is likewise inconclusive.