#26019-r-GAS

**2011 S.D. 40**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

KYLE STEINER,                                    Appellant,

        v.

DOUG WEBER, acting in his
capacity as the warden of the
South Dakota State Penitentiary,        Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
FALL RIVER COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JEFF W. DAVIS
Judge

\* \* \* \*

JOHN R. MURPHY
Rapid City, South Dakota                 Attorney for appellant.


MARTY J. JACKLEY
Attorney General

FRANK GEAGHAN
Assistant Attorney General
Pierre, South Dakota                          Attorneys for appellee.


\* \* \* \*

CONSIDERED ON BRIEFS
ON OCTOBER 3, 2011

OPINION FILED **05/23/12**

SEVERSON, Justice

[¶1.]      Kyle Steiner appeals the circuit court's dismissal of his application for a writ of habeas corpus, arguing that the court erred in dismissing the writ and in ruling on the merits of the writ without first conducting an evidentiary hearing. Because Steiner has alleged facts which, if proven to be true, would entitle him to relief, we reverse dismissal of the writ.

## Facts and Procedural Background

[¶2.]      On July 23, 2009, a complaint was filed in Fall River County charging Steiner with one count of sexual contact with a child. Steiner retained Chris Beesley to represent him. Beesley moved the case rather quickly through the system, filing only a motion for continuance and a waiver of preliminary hearing. On November 13, 2009, Steiner entered a guilty plea to one count of sexual contact with a child. The only concession made by the State in exchange for the plea was to remain silent at sentencing. On December 17, 2009, Steiner was sentenced to fifteen years in prison, with eight years suspended. He did not appeal his conviction or sentence.

[¶3.]      On October 16, 2010, Steiner filed an application for a writ of habeas corpus, claiming that his trial counsel was ineffective. The case was originally assigned to Judge Janine Kern. But because Judge Kern had presided over the underlying criminal case, presiding Judge Jeff W. Davis intervened and reassigned the case to himself. On December 1, 2010, without conducting an evidentiary hearing, Judge Davis issued a decision letter dismissing Steiner's application for a

writ of habeas corpus. The decision also denied Steiner relief based on the merits of his ineffective assistance claim. Steiner appeals.

## Standard of Review

[¶4.] "A habeas corpus applicant has the initial burden of proof to establish a colorable claim for relief." *Jenner v. Dooley*, 1999 S.D. 20, ¶ 11, 590 N.W.2d 463, 468 (citing *Johnson v. Zerbst*, 304 U.S. 458, 468-69, 58 S. Ct. 1019, 1025, 82 L. Ed. 1461 (1938)). "Habeas corpus can only be used to review (1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases whether an incarcerated defendant has been deprived of basic constitutional rights." *Id.* (quoting *Lodermeier v. Class*, 1996 S.D. 134, ¶ 3, 555 N.W.2d 618, 622). Although we ordinarily review a habeas court's fact findings under the clearly erroneous standard, when, as here, the circuit court receives no evidence but grants the State's motion to dismiss as a matter of law, our review is de novo and we give no deference to the circuit court's legal conclusions. *Id.*

## Analysis and Decision

*Dismissal of Steiner's Habeas Corpus Petition*

[¶5.] After the State filed a motion to dismiss, the habeas court dismissed Steiner's application for a writ of habeas corpus without receiving evidence. In *Jenner v. Dooley*, this Court established a test to be used in determining whether dismissal of a habeas petition is appropriate:

> As habeas proceedings are civil in nature, the rules of civil procedure apply to the extent they are not inconsistent with SDCL chapter 21-27. SDCL 15-6-81(a). Motions to dismiss, therefore, are appropriate to dispose of nonmeritorious

applications. A court may dismiss a habeas corpus petition for failure to state a claim under SDCL 15-6-12(b)(5) only if it appears beyond doubt that the petition sets forth no facts to support a claim for relief. Fact allegations must be viewed in a light most favorable to the petitioner. A motion to dismiss under § 12(b)(5) challenges the legal sufficiency of the petition. As the United States Supreme Court noted, when a court

> reviews the sufficiency of a complaint, before the reception of any evidence . . . its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

Motions to dismiss in civil actions are generally disfavored, but a habeas petition may be more susceptible to dismissal because the remedy it seeks is limited, being in the nature of a collateral attack on a final judgment. To survive a motion to dismiss under § 12(b)(5), an application for habeas corpus must pass a minimum "threshold of plausibility." If an applicant's allegations are unspecific, conclusory, or speculative, the court may rightfully entertain a motion to dismiss. Also, if pleadings fail to allege a requisite element necessary to obtain relief, dismissal is in order.

*Id.* (citations omitted). Therefore, we must determine whether the facts that Steiner alleges, if true, would support a claim for relief.

[¶6.]     Steiner has raised a claim of ineffective assistance of counsel. We have adopted the test for ineffective assistance of counsel set forth in *Strickland v. Washington*: first, the defendant must show that counsel's performance was so deficient that he was not functioning as "counsel" guaranteed by the Sixth Amendment; and second, he must show that counsel's deficient performance prejudiced the defendant. *Id.* ¶ 16 (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)). The United States Supreme

Court recently verified the importance of effective assistance of counsel in the plea-bargaining process. *Lafler v. Cooper*, __U.S. __, __, 132 S. Ct. 1376, __ L. Ed. 2d __ (2012); *Missouri v. Frye*, __ U.S. __, __, 132 S. Ct. 1399, __ L. Ed. 2d __ (2012). "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler,* 132 S. Ct. at 1384. "The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding. Its protections are not designed simply to protect the trial[.] . . . The constitutional guarantee applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice." *Id.* at 1385.

[¶7.] Steiner alleges that his trial counsel was ineffective because he failed to advise Steiner of the "corroborating evidence" rule. Prior to his arrest, Steiner made several incriminating statements to law enforcement officers relating to the sexual contact charge. Steiner asserts that these statements were the only evidence of the criminal act. The corroboration rule is a rule of evidence providing that "the admissibility of an extrajudicial confession is conditioned upon its corroboration by other evidence." *State v. Best*, 89 S.D. 227, 232 N.W.2d 447, 452 (1975). "Corroborating evidence must establish the corpus delicti of the crime by independent proof." *State v. Thompson*, 1997 S.D. 15, ¶ 36, 560 N.W.2d 535, 543. "The corroborating evidence must show (1) the fact of an injury or loss, and (2) the fact of someone's criminal responsibility for the injury or loss." *Id.*

[¶8.] Other courts have determined that the failure to advise of the corroboration rule is a possible violation of the performance prong of *Strickland*.

-4-

*See Lowe v. State*, 2009 WL 1677240, at *4 (Iowa App. 2009) (holding trial counsel "failed an essential duty" by not advising his client of the corroboration rule. "We cannot say he had the opportunity to weigh his options with knowledge of the requirement that his confession be corroborated."); *Carlton v. State*, 1993 WL 75323, at *3 (Tenn. Crim. App. 1993) (finding a petitioner who alleged ineffective assistance of counsel for failure to advise of the corroboration rule "has alleged circumstances which, if true, fairly raise the claim of the ineffective assistance of counsel.").

[¶9.] Regarding the prejudice prong of *Strickland*, Steiner argues that but for counsel's ineffective assistance, i.e., counsel's failure to advise of the corroboration rule, Steiner would not have pleaded guilty.

> With regard to plea cases, the prejudice part of the *Strickland* test, "will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. . . . [W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."

*Owens v. Russell*, 2007 S.D. 3, ¶ 9, 726 N.W.2d 610, 615-16 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). Although the corroboration rule is not an affirmative defense, its application could require a judgment of acquittal. *See Thompson*, 1997 S.D. 15, ¶ 39, 560 N.W.2d at 544 ("We do not find sufficient corroborating evidence to establish that the crime of sexual contact . . . was committed. Corpus delicti may not be presumed. . . . We hold that the trial court erred in denying Thompson's motion for judgment of acquittal on the charge of sexual contact.").

[¶10.] The State argues that Steiner's allegations are "bald and conclusory," and that there was ample corroborating evidence to satisfy the corpus delicti requirement. In fact, the State devotes a substantial portion of its brief to presenting the evidence that it claims could have been used against Steiner at trial.

[¶11.] Assuming, as we must, that Steiner's factual allegations are true, his habeas petition supports a claim for relief. If Steiner's trial counsel did not adequately advise him on the law regarding corroborating evidence, this deficiency may violate the performance prong of Strickland. Regarding the prejudice requirement, this Court is not in a position to speculate as to whether Steiner would have been successful if he had taken his case to trial. Nor was the circuit court in such a position when ruling on the motion to dismiss. As the United States Supreme Court has said, "it may appear . . . that a recovery is very remote and unlikely but that is not the test." *Jenner,* 1999 S.D. 20, ¶ 13, 590 N.W.2d at 469 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974)). Instead, we must only determine whether the habeas petition meets the "minimum threshold of plausibility." *Id*. We believe that it does. Steiner's allegations are not unspecific, conclusory, or speculative. If they are true, they may support a claim for relief. Whether they are true and whether they actually support a claim for relief are questions that can be decided only after an evidentiary hearing on the merits of the habeas petition.

## Conclusion

[¶12.] In order to be successful on his ineffective assistance of counsel claim, Steiner must demonstrate that counsel's performance was so deficient that he was

not acting as "counsel," and that he was prejudiced by this deficient performance. If Steiner's allegations are true, they may satisfy both of these requirements. The State has argued at length that there is ample evidence to disprove these allegations. But the appropriate forum for presenting this evidence is not this Court; rather it is an evidentiary hearing on the merits of the habeas petition. Steiner's allegations meet the "minimum threshold of plausibility," and the circuit court was premature in dismissing his petition without conducting an evidentiary hearing on the merits.

[¶13.]     Reversed.

[¶14.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.