#26483-a-LSW

**2013 S.D. 88**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

MICHAEL TODD DAVIS,                          Petitioner and Appellant,

v.

DOUGLAS WEBER, WARDEN
OF THE SOUTH DAKOTA
STATE PENITENTIARY,                          Respondent and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOSEPH NEILES
Judge

* * * *

KENNETH M. TSCHETTER of
Nicholson, Tschetter, Adams & Nicholson
Sioux Falls, South Dakota                    Attorneys for petitioner
                                             and appellant.


MARTY J. JACKLEY
Attorney General

KELLY MARNETTE
Assistant Attorney General
Pierre, South Dakota                         Attorneys for respondent
                                             and appellee.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 4, 2013

OPINION FILED **12/11/13**

WILBUR, Justice

[¶1.]    Michael Davis filed a petition for habeas relief more than seven and one half years after his conviction for possession of an unauthorized article by an inmate. The habeas court found that Davis had failed to rebut the presumption of prejudice to the State caused by Davis's failure to file his petition for habeas relief within five years pursuant to SDCL 21-27-3.2. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

[¶2.]    Davis was a South Dakota State Penitentiary inmate serving a 15-year sentence stemming from a 1998 aggravated assault conviction. On November 14, 2001, while Davis was residing in the disciplinary segregation unit, penitentiary officials investigated an assault on Davis's cellmate. As a part of the investigation, officials seized Davis's clothing. Officials found a razor blade hidden in the hem of Davis's boxer shorts. Davis was permitted to use a disposable razor while incarcerated, but he was not permitted to remove the blade from the razor and conceal it.

[¶3.]    Davis was charged by indictment on June 13, 2002, with possession of an unauthorized article by an inmate, in violation of SDCL 24-2-14(3) and second-degree rape, in violation of SDCL 22-22-1(2). In addition, a part two information was filed pursuant to SDCL 22-7-7. As a result of these charges, Davis faced a possibility of two life sentences in the penitentiary. Attorney Paul Pietz was appointed to represent Davis on these charges.

[¶4.]    On June 24, 2002, Davis was arraigned on the charges and pleaded not guilty. Plea agreement negotiations began between the State and Davis. The

parties entered into a plea agreement wherein Davis agreed to plead guilty to possession of an unauthorized article by an inmate. In exchange for his guilty plea to this charge, the State agreed to dismiss the second-degree rape charge and the part two information. The State agreed to limit the maximum possible penitentiary sentence to 15 years, to be served after Davis served the entirety of his assault sentence from 1998.

[¶5.] At a change of plea hearing on October 24, 2002, Davis was advised of his constitutional and statutory rights; the terms of the plea agreement; and the sentence. Davis pleaded guilty to possession of an unauthorized article by an inmate. Davis agreed to the factual basis as presented by the State.

[¶6.] On December 11, 2002, the circuit court sentenced Davis to 15 years in the penitentiary, with his sentence to run consecutively to his prior sentence for aggravated assault. A judgment of conviction and sentence was filed on December 26, 2002. The judgment of conviction and sentence and notice of the right to appeal were mailed to Pietz.[1] Davis did not file a direct appeal with this Court.

[¶7.] Davis filed a petition for writ of habeas corpus on June 16, 2010, and the habeas court appointed new counsel for his habeas petition.[2] In his petition, Davis alleged a number of constitutional violations, including ineffective assistance of trial counsel. Davis alleged that Pietz failed to preserve his right to appeal

---

1. The record does not indicate whether Davis was sent the judgment of conviction and sentence and notice of the right to appeal.

2. Counsel representing Davis in this appeal did not represent Davis in his habeas petition to the circuit court.

following his guilty plea and sentence, and that Pietz did not apprise him of potential appellate issues. In its return to the petition for writ of habeas corpus, the State requested dismissal of the petition based on prejudice caused by Davis's failure to file his petition for habeas relief within five years pursuant to SDCL 21-27-3.2. The State also addressed the merits of Davis's habeas claims.

[¶8.] An evidentiary hearing on the petition was held on February 28, 2012. Davis, Pietz, and Melinda Johnson, the records administrator for the Department of Corrections, testified at the evidentiary hearing. In a memorandum decision dated April 27, 2012, the habeas court determined that Davis had failed to rebut the presumption of prejudice to the State caused by Davis's failure to timely file his petition. The habeas court found that "[t]he prejudice to the [S]tate does appear to this court to be real, both in the limitations they had in responding to the claims of [Davis] in the habeas action, and in their ability going forward to respond should the case be reversed on appeal." The habeas court subsequently entered findings of fact and conclusions of law; an order denying the petition; and an order dismissing the petition for writ of habeas corpus.

## DECISION

[¶9.] "A habeas corpus claim is a collateral attack on a final judgment and therefore our review is limited." *Fast Horse v. Weber*, 2013 S.D. 74, ¶ 9, 838 N.W.2d 831, 835-36 (quoting *Boyles v. Weber*, 2004 S.D. 31, ¶ 6, 677 N.W.2d 531, 536). "A habeas corpus applicant has the initial burden of proof to establish a colorable claim for relief." *Id.* ¶ 9, 838 N.W.2d at 836 (quoting *Steiner v. Weber*, 2011 S.D. 40, ¶ 4, 815 N.W.2d 549, 551). "Habeas corpus can only be used to review (1) whether the

court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases whether an incarcerated defendant has been deprived of basic constitutional rights." *Id.* (quoting *Steiner*, 2011 S.D. 40, ¶ 4, 815 N.W.2d at 551). "A habeas court's findings of fact will be upheld unless such findings are clearly erroneous." *Id.* With this background in mind, we consider the procedural prerequisites to collaterally attack a final judgment pursuant to SDCL chapter 21-27.

[¶10.] Prior to its repeal in 2012,[3] SDCL 21-27-3.2 allowed for the dismissal of belated habeas corpus petitions:

> An application under this chapter may be dismissed if it appears that the state or the applicant's custodian has been prejudiced in its ability to respond to the application by delay in its filing, unless the applicant shows that the application is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances causing the prejudice occurred. It shall be presumed that the state or the applicant's custodian has been prejudiced if the application is filed more than five years after signing, attestation and filing of the judgment or order under which the applicant is held. This presumption is rebuttable pursuant to § 19-11-1.

The habeas petitioner, however, may rebut the presumption of prejudice in SDCL 21-27-3.2 by presenting "substantial, credible evidence[.]" SDCL 19-11-1 (Rule 301).[4]

---

3. SDCL 21-27-3.2 was repealed by the South Dakota Legislature in 2012. *See* 2012 S.D. Sess. Laws ch. 118, § 2. In its place, the Legislature enacted a two-year statute of limitation applicable to all applications for relief under SDCL chapter 21-27. *See* SDCL 21-27-3.3.

4. SDCL 19-11-1 (Rule 301) provides in pertinent part:

(continued . . . )

[¶11.] "It is plain from the language of [SDCL 21-27-3.2] that its purpose is to prevent excessive delay in filing an application for habeas corpus which might unfairly limit the ability of the State to respond to such an application." *Flute v. Class*, 1997 S.D. 10, ¶ 9, 559 N.W.2d 554, 556. Further, this Court has stated:

> The statute authorizes (but does not mandate) the dismissal of an application for habeas corpus if "the state or the applicant's custodian has been prejudiced in its ability to respond to the application by delay in its filing, unless the applicant shows that the application is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances causing the prejudice occurred." It presumes that any delay of five years or more is prejudicial, but provides an opportunity for the applicant to rebut that presumption. However, it is clear from the words of the statute that the authority to dismiss an application rests on a determination of unfair prejudice.

*Id.* ¶ 10, 559 N.W.2d at 557.

[¶12.] Davis does not argue with the habeas court's determination that the presumption of prejudice applied. More than seven and one half years had passed between the judgment of conviction filed on December 26, 2002, and the petition for habeas corpus filed on June 16, 2010. Davis, however, contends that the habeas court erred in concluding that Davis had failed to rebut the presumption of

---

( . . . continued)

> In all civil actions and proceedings, unless otherwise provided for by statute or by chapters 19-9 to 19-18, inclusive, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast. *When substantial, credible evidence has been introduced to rebut the presumption, it shall disappear from the action or proceeding*[.]

(Emphasis added.)

prejudice to the State. Davis asserts that the habeas court need only consider whether Davis had rebutted the presumption of prejudice that the State was limited in its ability to respond to Davis's claims in his habeas petition. To that end, Davis contends that he presented substantial, credible evidence on the merits of his petition, which was sufficient to rebut the presumption of prejudice. Further, Davis argues that the habeas court's additional consideration — whether Davis had rebutted the presumption of prejudice that the State was limited in its ability to retry Davis if relief were granted — was irrelevant and improper. Davis argues that the habeas court's determination that Davis failed to rebut the presumption of prejudice based on the State's inability to retry Davis if relief were granted is clearly erroneous. He requests that the dismissal and denial of his habeas petition be reversed.

### *Ability to retry petitioner*

[¶13.]     Initially, we note that in dismissing the habeas petition for Davis's failure to rebut the presumption of prejudice, the habeas court determined that "[t]he prejudice to the [S]tate does appear to be real, both in the limitations they had in responding to the claims of [Davis] in the habeas action, *and in their ability going forward to respond should the case be reversed on appeal*." (Emphasis added.) However, the plain language of SDCL 21-27-3.2 only provided for the dismissal upon prejudice to the State in its ability to respond to the application. *See* SDCL 21-27-3.2 (repealed 2012) (stating "[a]n application under this chapter may be dismissed if it appears that the state or the applicant's custodian *has been*

*prejudiced in its ability to respond to the application by delay in its filing*").

(Emphasis added.)

[¶14.]        Federal Rules Governing Habeas Corpus Cases dictate habeas

applications in federal cases.  One such rule, former Rule 9(a) of the Federal Rules

Governing Habeas Corpus Cases under 28 U.S.C. § 2254,[5] provided:

> A petition may be dismissed if it appears that the state of which
> the respondent is an officer has been prejudiced in its ability to
> respond to the petition by delay in its filing unless the petitioner
> shows that it is based on grounds on which he could not have
> had knowledge by the exercise of reasonable diligence before the
> circumstances prejudicial to the state occurred.

"[The purpose of former Rule 9(a)] was to codify the equitable doctrine of laches

which had been applied in habeas cases in the past[.]"  *McDonnell v. Estelle*, 666

F.2d 246, 250 (5th Cir. 1982).

[¶15.]        In interpreting former Rule 9(a), the United States Supreme Court

held that:

> The Habeas Corpus Rules permit a State to move for dismissal
> of a habeas petition when it has been prejudiced in its ability to
> respond to the petition by delay in its filing. . . . *Congress has
> not seen fit, however, to provide the State with an additional
> defense to habeas corpus petitions based on the difficulties that it
> will face if forced to retry the defendant.*

*Vasquez v. Hillery*, 474 U.S. 254, 265, 106 S. Ct. 617, 624, 88 L. Ed. 2d 598 (1986)

(emphasis added) (internal citations and quotation marks omitted).  Federal courts

have followed suit and held that "[i]n a habeas proceeding under § 2254, the

---

5.      In 2004, Rule 9 was amended and Rule 9(a) was deleted as a result of the
        passage of the Antiterrorism and Effective Death Penalty Act of 1996, 28
        U.S.C. § 2244(d).  This Act established a one-year statute of limitations for
        federal habeas petitions.

appropriate prejudice determination does not encompass the government's facility in retrying the petitioner, but just embraces its capacity to respond suitably to the petition." *United States v. Nahodil*, 36 F.3d 323, 327 (3d Cir. 1994). *See Hannon v. Maschner*, 845 F.2d 1553, 1556 (10th Cir. 1988) (determining that prejudice to the government in its ability to retry the petitioner "is irrelevant to a Rule 9(a) defense"); *Strahan v. Blackburn*, 750 F.2d 438, 441-42 (5th Cir. 1985) (internal citations and quotation marks omitted) (stating that "[t]he impact that delay may have had on possible retrial is not to be considered" in determining whether the government was prejudiced by petitioner's delay); *Aiken v. Spalding*, 684 F.2d 632, 633 (9th Cir. 1982) (stating "[d]ifficulty in reprosecution is not expressly considered in the text of Rule 9(a)"). *See also* 39 Am. Jur. 2d *Habeas Corpus* § 128 (1999) (stating that "[p]rejudice to the state in its ability to retry the petitioner because of a delay in filing is not a valid ground for dismissal of the petition; the District Court is limited to determining whether the state has been prejudiced in its ability to address the issues raised in the petition").

[¶16.]      Our Court has previously recognized the similarities between SDCL 21-27-3.2 and former Rule 9(a). We noted that SDCL 21-27-3.2 "use[d] the same standards as" former Rule 9(a), however, SDCL 21-27-3.2 "include[d] a presumption of prejudice if the application [was] more than five years after the conviction." *Garritsen v. Leapley*, 541 N.W.2d 89, 92 n.1 (S.D. 1995). Because we previously recognized the similarity between SDCL 21-27-3.2 and former Rule 9(a), federal precedent is instructive to this Court on whether prejudice to the State in its ability

to retry the petitioner is a valid prejudice ground that Davis must overcome by a showing of substantial, credible evidence.

[¶17.]       Federal precedent provided for dismissal of a habeas petition when the government had been prejudiced in its ability to respond to the petition by delay in its filing. Ability to retry the petitioner was not an allowable ground for dismissal. Similarly, the plain language of SDCL 21-27-3.2 only provided for one basis for dismissal — prejudice to the State in its ability to respond to the application. We agree with the federal precedent that consideration of the State's ability to retry the petitioner if relief were granted is not a valid prejudice ground. Therefore, the habeas court's dismissal of the writ based on Davis's failure to rebut the presumption of prejudice to the State regarding its ability to retry the petitioner was improper.

### Ability of State to respond to application by delay in its filing

[¶18.]       Even though the habeas court improperly dismissed the writ based on Davis's failure to rebut the presumption of prejudice to the State in its ability to retry Davis, the habeas court's analysis did not end there. The habeas court also dismissed the writ on Davis's failure to rebut the presumption of prejudice to the State in its ability to respond to the application. Based on the plain language of SDCL 21-27-3.2, this is a valid ground for the habeas court's consideration. *See* SDCL 21-27-3.2 (repealed 2012) (stating "[a]n application under this chapter may be dismissed if it appears that the state or the applicant's custodian *has been prejudiced in its ability to respond to the application by delay in its filing*"). (Emphasis added.)

-9-

[¶19.] Here, the habeas court concluded that Davis had not rebutted the presumption that the State was prejudiced in its ability to respond to the application. In making its determination, the habeas court found that:

> Judge Kean is alive, but retired. He was not called to testify at the habeas hearing, so we do not know what he would have said about this case. Paul Pietz is alive, but he lives in Rapid City. He testified at the hearing by ITV. The original victim of the rape charge is not identified in the indictment. The court is not aware of who the witnesses were for the State on the unauthorized article charge, or who was involved in finding the razor blade. The court is not aware of whether the razor blade or other items were kept in evidence or have been disposed of. The court does know that Paul Pietz's memory has eroded over time, and is not . . . as complete as it might have been had this action been filed in 2003 or 2004.

[¶20.] A review of the record supports the habeas court's finding that Pietz's memory had eroded over time and was not as complete as it might have been had the habeas petition been filed in 2003 or 2004. When asked if he remembered Davis's case, Pietz responded "I - - somewhat, yes." He indicated that he "can't say that [his] memory is perfect. It's been . . . close to ten years." The record reveals that in responding to Davis's several habeas claims, Pietz had to testify substantially from his notes taken in 2002 and as to his standard practice at the time Pietz represented Davis. Moreover, Davis, who had the burden to rebut the presumption of prejudice, was given a reasonable opportunity to present evidence on whether Davis's delay in filing manifested a lack of diligence and whether the State had been prejudiced in such delay. The habeas court correctly concluded that because of the lapse of time and the effect on Pietz's memory, Davis had failed to rebut the statutory presumption of prejudice to the State in its ability to respond to the application.

#26483

[¶21.] Affirmed.

[¶22.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and SEVERSON, Justices, concur.