#27501-a-SLZ
**2016 S.D. 39**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JAMES DUANE RILEY,                                        Applicant and Appellant,

v.

DARIN YOUNG, Warden of the
South Dakota State Penitentiary,                         Respondent and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
CUSTER COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE THOMAS L. TRIMBLE
Retired Judge

* * * *

PAUL EISENBRAUN
Grey and Eisenbraun Law, Prof. LLC
Rapid City, South Dakota                    Attorneys for applicant and
                                            appellant.


MARTY J. JACKLEY
Attorney General

PAUL S. SWEDLUND
Assistant Attorney General
Pierre, South Dakota                        Attorneys for respondent
                                            and appellee.

* * * *

                                            CONSIDERED ON BRIEFS
                                            ON JANUARY 11, 2016

                                            OPINION FILED
                                            **04/27/2016**

#27501

ZINTER, Justice

[¶1.]        We issued a certificate of probable cause to review whether the circuit court improperly dismissed James Riley's application for a writ of habeas corpus without an evidentiary hearing.  We affirm.

*Facts and Procedural History*

[¶2.]        Riley was convicted of possession of child pornography.  The conviction was affirmed on direct appeal.  *State v. Riley*, 2013 S.D. 95, 841 N.W.2d 431.  In November 2014, Riley submitted a pro se application for a writ of habeas corpus. He claimed that his jury trial was impermissibly closed to the public in violation of the Sixth Amendment, and that his counsel's failure to object to the closure violated his right to effective assistance of counsel.[1]

[¶3.]        The habeas court reviewed Riley's application together with a portion of the jury trial transcript.  The transcript confirmed that during trial, the State moved to close the courtroom before it played a video that contained images of child pornography.  However, the habeas court noted that the transcript also indicated the trial court declined to rule on the motion because no member of the public was present.  The trial court permitted the only non-trial participant (a person

---

1.    Riley also claimed that his counsel's failure to move for a judgment acquittal after closing argument constituted ineffective assistance of counsel.  This issue was addressed in Riley's direct appeal.  *Riley*, 2013 S.D. 95, ¶ 15, 841 N.W.2d at 436.  "The doctrine of res judicata disallows reconsidering an issue that was actually litigated or that could have been raised and decided in a prior action."  *Legrand v. Weber*, 2014 S.D. 71, ¶ 28, 855 N.W.2d 121, 129 (quoting *Ramos v. Weber*, 2000 S.D. 111, ¶ 8, 616 N.W.2d 88, 91).

associated with Riley's defense) to remain.  The following is an excerpt of the exchange:

> [State]:     Your Honor, I would, at this time, move to publish this to the jury.  I would make a motion to close the courtroom for viewing.
>
> The Court:   I think we only have people present who are officers or staff and an expert, right?  I think we're good to go.
>
> [State]:     Your Honor, I would note that there's one gentleman in the courtroom not associated with law enforcement or the experts.
>
> The Court:   Is that a member of you folks' team?
>
> [Defense]:   Yes, Your Honor.  He's somebody associated with Jim and we just as soon he stick around if he wants to or he can leave.
>
> The Court:   All right, either way.

Based on this evidence, the habeas court concluded that the courtroom was not closed, and therefore, Riley's counsel was not ineffective for failing to object to closure.  The habeas court dismissed Riley's application without holding an evidentiary hearing.  It found Riley's application to be vague and conclusory.

[¶4.]      Before proceeding to the merits of this appeal, we note a reoccurring problem in filing documents and processing habeas corpus actions.  The only record of this habeas proceeding is found in Riley's criminal file.  It appears that his application for habeas corpus was placed in his criminal file along with the order dismissing his application.  There is also no indication in that record that the State was notified of the application.  The State did not file a return or a motion to

dismiss. We reiterate that "habeas proceedings are separate civil actions, they should be filed as separate civil actions[,]" and they should be processed as a civil case. *State v. Pentecost*, 2015 S.D. 71, ¶ 4 n.1, 868 N.W.2d 590, 592 n.1. These procedural irregularities should not continue.

*Decision*

[¶5.]     The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI. Public trials are conducted "for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions." *State v. Rolfe*, 2013 S.D. 2, ¶ 17, 825 N.W.2d 901, 906 (quoting *Waller v. Georgia*, 467 U.S. 39, 46, 104 S. Ct. 2210, 2215, 81 L. Ed. 2d 31 (1984)).[2]

[¶6.]     Riley's claimed violation of his right to a public trial was dismissed without an evidentiary hearing. To dismiss an application for a writ of habeas corpus without receiving evidence, the application must be unspecific, conclusory or

---

2.    "A violation of the right to a public trial is a 'structural defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.'" *Id.* ¶ 14, 825 N.W.2d at 905 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S. Ct. 1246, 1265, 113 L. Ed. 2d 302 (1991)). "Structural errors so greatly affect the framework of the trial that they merit automatic reversal." *State v. Arguello*, 2015 S.D. 103, ¶ 5, 873 N.W.2d 490, 493.

speculative, setting forth no facts that could support a claim for relief: the application must fail to meet a minimum threshold of plausibility.

> As habeas proceedings are civil in nature, the rules of civil procedure apply to the extent they are not inconsistent with SDCL chapter 21-27. SDCL 15-6-81(a). Motions to dismiss, therefore, are appropriate to dispose of nonmeritorious applications. A court may dismiss a habeas corpus petition for failure to state a claim under SDCL 15-6-12(b)(5) only if it appears beyond doubt that the petition sets forth no facts to support a claim for relief. Fact allegations must be viewed in a light most favorable to the petitioner. A motion to dismiss under § 12(b)(5) challenges the legal sufficiency of the petition. As the United States Supreme Court noted, when a court
>
>> reviews the sufficiency of a complaint, before the reception of any evidence ... its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. [*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974).]
>
> Motions to dismiss in civil actions are generally disfavored, but a habeas petition may be more susceptible to dismissal because the remedy it seeks is limited, being in the nature of a collateral attack on a final judgment. To survive a motion to dismiss under § 12(b)(5), an application for habeas corpus must pass a minimum "threshold of plausibility." If an applicant's allegations are unspecific, conclusory, or speculative, the court may rightfully entertain a motion to dismiss.

*Steiner v. Weber*, 2011 S.D. 40, ¶ 5, 815 N.W.2d 549, 551 (quoting *Jenner v. Dooley*, 1999 S.D. 20, ¶ 13, 590 N.W.2d 463, 469).

[¶7.] Ordinarily, "whether an applicant fails to state a claim upon which relief can be granted must be ascertained from the face of the application." *Jenner*, 1999 S.D. 20, ¶ 14, 590 N.W.2d at 469. In this case, the habeas court also reviewed

Riley's trial transcript. "In habeas actions a court may take judicial notice of an applicant's prior judicial proceedings." *Id.* ¶ 15, 590 N.W.2d at 470. A habeas court may take judicial notice of prior judicial proceedings "whether requested or not." *Id.* Because the habeas court looked beyond the application and considered the trial transcript, we must "examine the same materials to decide if the [habeas] court ruled correctly." *Id.* ¶ 16, 590 N.W.2d at 470. Therefore, our question on appeal is whether the allegations in Riley's application, coupled with the facts disclosed in the trial transcript, could support a claim that his trial was improperly closed. Because the habeas court dismissed "as a matter of law, our review is de novo[.]" *Steiner*, 2011 S.D. 40, ¶ 4, 815 N.W.2d at 551 (internal quotation marks omitted) (citations omitted).

[¶8.] Riley's application asserted no facts supporting his allegation. He did not allege that any person was excluded from his trial. He asserted nothing but a single legal conclusion that "his jury trial was impermissibly closed to the public in violation of his rights to a public trial under the Sixth Amendment." That legal conclusion is "unspecific, conclusory, and speculative." *See id.* ¶ 5, 815 N.W.2d at 551. Moreover, the trial transcript confirms that when the State made the motion to close the courtroom, no member of the public was present. The only non-trial participant in the courtroom was an individual associated with Riley's defense, and he was allowed to remain. The trial court, in an obvious reaction to the lack of any spectators, simply declined to rule on the motion. We agree with the habeas court that under these facts "there was no closure[.]" Because Riley's allegation of a Sixth

Amendment public-trial violation failed to meet the "minimum threshold of plausibility," s*ee id.* ¶ 11, 815 N.W.2d at 553, we affirm.

[¶9.]        GILBERTSON, Chief Justice, and SEVERSON, WILBUR and KERN, Justices, concur.