#26388-a-LSW

**2013 S.D. 36**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

DONALD LOREN ANDERSON,                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
DAVISON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE SEAN M. O'BRIEN
Retired Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

BETHANNA M. FEIST
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                        and appellee.


DOUGLAS N. PAPENDICK of
Stiles & Papendick
Mitchell, South Dakota                  Attorneys for defendant
                                        and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON FEBRUARY 12, 2013

OPINION FILED **05/08/13**

#26388

WILBUR, Justice

[¶1.]        Donald Anderson was convicted by a jury of sexual contact with a child under the age of sixteen, in violation of SDCL 22-22-7. Anderson appeals arguing that his arraignment was inadequate. Additionally, he appeals the trial court's denial of his motion for a new trial. We affirm.

## FACTS AND PROCEDURAL HISTORY

[¶2.]        On May 12, 2011, Anderson was arrested on the charge of sexual contact with a child under the age of sixteen, in violation of SDCL 22-22-7. As indicated by an initial appearance form, Anderson appeared on May 13, 2011, before a clerk magistrate where he was advised of his rights. The initial appearance form indicated that Anderson was advised of the charge against him; the maximum penalty; the right to remain silent; the right to defend himself in person or through an attorney; the right to counsel; the right to a speedy trial; the presumption of innocence; and the State's burden of proof. The form asked, "Do you understand the rights that have just been explained to you?" and the clerk magistrate marked "Yes" after Anderson confirmed he understood his rights. The clerk magistrate signed the form. On June 10, 2011, a grand jury indicted Anderson on the same offense.

[¶3.]        On July 12, 2011, Anderson filed a "Written Arraignment and Plea of Not Guilty" form (written arraignment form) with the trial court. The written arraignment form contained the name, address, and phone number for counsel

representing Anderson;[1] Anderson's age, birthdate, educational background, and personal contact information; an acknowledgement of Anderson's proficiency in the English language; an advisement of the right to an arraignment in open court and a waiver of that right; a statement that Anderson had received a copy of the indictment; notice of the crime with which he was charged; an acknowledgement of his name; an acknowledgment of his plea of not guilty; and a demand for a speedy trial. Anderson and his counsel signed the document.

[¶4.]     A hearing took place on July 12, 2011, concerning Anderson's written arraignment form and plea of not guilty. The trial court asked Anderson, who appeared in person, if he had the opportunity to review the written arraignment form and whether he had signed the form. Anderson replied affirmatively to both questions. The trial court then asked Anderson if he wished to plead not guilty. Anderson again replied affirmatively.

[¶5.]     The grand jury amended the indictment on July 22, 2011. Anderson filed a second written arraignment form containing the same language and answers as the first written arraignment form. A second arraignment hearing was held on August 9, 2011, at which Anderson personally appeared. A similar colloquy between the court and Anderson took place regarding the second written arraignment form.

[¶6.]     A jury trial was held on December 6, 2011. At trial, the 13-year-old victim testified, without objection, as to the sexual contact incident that occurred on May 11, 2011. The jury convicted Anderson of sexual contact with a child under the

---

1.     Anderson's appellate counsel did not represent him at the trial level.

age of sixteen, in violation of SDCL 22-22-7. The trial court sentenced Anderson to 10 years in the penitentiary and required him to register as a sex offender.

[¶7.] On February 23, 2012, Anderson filed a motion for a new trial based on the trial court's failure to enter a specific finding that the minor victim was a competent witness. The trial court denied this motion, determining that Anderson did not object to the competency of the child victim's testimony at trial.

[¶8.] Anderson appeals the following issues:

1. Whether Anderson's arraignment was inadequate.

2. Whether the trial court abused its discretion in denying Anderson's motion for new trial.

## ANALYSIS AND DECISION

[¶9.] **1. Whether Anderson's arraignment was inadequate.**

[¶10.] In citing to SDCL 23A-7-1 (Rule 10) and SDCL 23A-7-4 (Rule 11(c)), Anderson argues that his arraignment was inadequate. He contends that he was not arraigned in open court or read the indictment. *See* SDCL 23A-7-1 (Rule 10). Anderson further asserts that he was not advised of his *Boykin* rights. *See Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969); *Nachtigall v. Erickson*, 85 S.D. 122, 126-28, 178 N.W.2d 198, 200-01 (1970) (applying *Boykin* to South Dakota). Specifically, he asserts that he should have been advised of the nature of the charge against him; the maximum possible penalty provided by law as well as the consequences of being convicted as a sex offender; the presumption of innocence; the State's burden of proof; and the privilege against compulsory self-incrimination.

[¶11.] "Appeals asserting an infringement of a constitutional right are reviewed under the de novo standard of review." *State v. Miller*, 2006 S.D. 54, ¶ 11, 717 N.W.2d 614, 618. "A direct appeal from a conviction must be afforded greater scrutiny than a collateral challenge by habeas corpus action." *Id.* "Thus, on a direct appeal from a conviction the defendant is entitled to all presumptions and protections possible under our constitution." *Id.*

[¶12.] SDCL 23A-7-1 (Rule 10) governs the procedure for arraignments in South Dakota:

> An arraignment shall be conducted in open court, except that an arraignment for a Class 2 misdemeanor may be conducted in chambers, and shall consist of reading the indictment, information, or complaint, as is applicable, to the defendant or stating to him the substance of the charge and calling on him to plead thereto.
>
> A defendant must be informed that if the name in the indictment, information, or complaint is not his true name, he must then declare his true name or be proceeded against by the name given in the indictment, information, or complaint. If he gives no other name, the court may proceed accordingly. If he alleges that another name is his true name, he shall be proceeded against pursuant to § 23A-6-20. He shall be given a copy of the indictment, information, or complaint, as is applicable, before he is called upon to plead.

"Due process of law . . . does not require the state to adopt any particular form of procedure [for an arraignment], so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution." *State v. Mitchell*, 491 N.W.2d 438, 444 (S.D. 1992) (emphasis omitted) (quoting *State v. Winters*, 414 N.W.2d 1, 2 (S.D. 1987)).

[¶13.] "[T]he Due Process Clause safeguards against an involuntary and unknowing waiver of three important federal rights via a *plea of guilty* or plea of

nolo contendere, 1) the privilege against compulsory self-incrimination, 2) the right to a speedy trial, and 3) the right to confront one's accusers." *Miller*, 2006 S.D. 54, ¶ 14, 717 N.W.2d at 618 (citing *Boykin*, 395 U.S. at 243, 89 S. Ct. at 1712) (emphasis added). "To ensure that *guilty pleas* and pleas of nolo contendere are voluntary and knowing and to safeguard against violations of a defendant's right to due process, Rule 11 of the Federal Rules of Criminal Procedure was enacted." *Id.* ¶ 17 (emphasis added). "However, the procedure embodied in Rule 11 is not mandated by the United States Constitution." *Id.* South Dakota's version of Rule 11 of the Federal Rules of Criminal Procedure is SDCL 23A-7-4 (Rule 11(c)). *See* SDCL 23A-7-4 (Rule 11(c)) (stating "[b]efore accepting *a plea of guilty* or nolo contendere a court must . . . ") (emphasis added). "[T]he advisement of the[ ] rights and penalties under Rule 11 is applicable only when a defendant intends to enter a *plea of guilty* or nolo contendere." *Miller*, 2006 S.D. 54, ¶ 17, 717 N.W.2d at 620 (emphasis added). "A defendant who elects to plead not guilty and proceed to trial is not provided the same procedural safeguards under Rule 11 as a defendant who pleads guilty or nolo contendere." *Id.*

[¶14.]     Initially, we note that SDCL 23A-7-1 (Rule 10) does not explicitly provide for a written form of arraignment in lieu of arraigning a defendant in open court. SDCL 23A-7-1 (Rule 10) makes it clear that "[a]n arraignment *shall* be conducted in open court[.]" Thus, trial courts are well-advised to conduct formal arraignments in open court.

[¶15.]     Here, however, Anderson had sufficient notice of the charge against him and an adequate opportunity to defend himself in the prosecution. Anderson,

who was represented by counsel, voluntarily waived his right to an open court arraignment by signing the written arraignment form.[2] And when he submitted his written arraignment form, Anderson appeared in open court. Additionally, the written arraignment form stated that Anderson received a copy of the indictment that charged him with sexual contact with a child under the age of sixteen, in violation of SDCL 22-22-7. Anderson also acknowledged his name on the indictment. The written arraignment form stated that Anderson had been advised of and understood that he may plead guilty, not guilty, or nolo contendere. Anderson acknowledged he had sufficient time to discuss his case with his attorney and waived further time to enter a plea. He pleaded not guilty to the charge stated in the written arraignment form and demanded a speedy trial. Furthermore, Anderson was not entitled to an advisement of rights under *Boykin* or under SDCL 23A-7-4 (Rule 11(c)) because he pleaded not guilty and exercised his rights accordingly. Therefore, because Anderson had sufficient notice of the charge against him, pleaded not guilty, exercised his rights, and had an adequate opportunity to defend himself at trial, there was no error.

[¶16.]    **2.    Whether the trial court abused its discretion in denying Anderson's motion for new trial.**

[¶17.]    Anderson argues that the trial court abused its discretion in denying Anderson's motion for a new trial because it failed to enter a specific finding that

---

2.    The written arraignment form, which Anderson completed twice, provided, "I have been advised by the above-named attorney and understand that I have a right to arraignment in open court, and I hereby voluntarily waive that right, choosing instead to sign this Written Arraignment and Plea of Not Guilty."

the minor victim was a competent witness. We review the denial of a motion for a new trial under an abuse of discretion standard. *State v. Hannemann*, 2012 S.D. 79, ¶ 10 n.*, 823 N.W.2d 357, 360 n.*.

[¶18.]     Generally, "[e]very person is competent to be a witness except as otherwise provided in chapters 19-9 to 19-18, inclusive." SDCL 19-14-1 (Rule 601). And, "[t]here is no general rule regarding a child's inherent reliability nor is there any arbitrary age at which a child is deemed competent to testify." *State v. Carothers*, 2006 S.D. 100, ¶ 12, 724 N.W.2d 610, 616. Further, "[an] objection to a child's competency is waived if not raised at the trial." 2 Wharton's Criminal Evidence § 7:16 (15th ed. 2012).

[¶19.]     Here, the record demonstrates that the minor victim testified without objection by Anderson before or during trial. Anderson waited over two months after trial to make his motion for a new trial on the basis that the trial court failed to enter a specific finding as to the competency of the minor victim. Further, neither our statutes nor case law require the trial court to make specific competency findings unless the competency of the witness is challenged. Because there was no objection as to the minor victim's competency as a witness before or during trial, the trial court was left with the general rule that every person is competent to be a witness unless otherwise provided by statute. Thus, this issue is waived.

## CONCLUSION

[¶20.]     The trial court adequately arraigned Anderson. Additionally, because Anderson did not object to the minor victim's competency before or during trial, this issue is waived. We affirm.

#26388

[¶21.]          GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and

SEVERSON, Justices, concur.