#26681-a-GAS

**2014 S.D. 19**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

ROGER BAINES KING,                        Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
AURORA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE PATRICK SMITH
Judge

* * * *

MARTY J. JACKLEY
Attorney General

ELLIE J. BAILEY
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                          and appellee.


PHILIP D. CARLSON
Tinan, Smith & Bucher
Mitchell, South Dakota                    Attorneys for defendant
                                          and appellant.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 18, 2014
OPINION FILED **04/16/14**

#26681

SEVERSON, Justice

[¶1.]     Roger Baines King pleaded guilty to grand theft by insufficient funds check and was sentenced to eight years in the penitentiary.  On appeal, King argues he was not properly advised of his constitutional and statutory rights and that his sentence violated the Eighth Amendment.  We affirm.

*Background*

[¶2.]     King wrote several checks over a period of two days in March 2012 to varying businesses in Aurora County that were not honored by his bank.  The checks totaled $1,755.  King was charged by complaint with one count of grand theft by insufficient funds check in May 2012.  King received a preliminary hearing and an Information was filed in August 2012.  An arraignment was held on December 7, 2012, in front of Judge Gering.  King was advised of his constitutional and statutory rights, but no plea was taken as the hearing was continued.  A second arraignment and change of plea hearing was held on February 6, 2013, where King entered a guilty plea to the charge.  This hearing was held in front of Judge Smith, who also sentenced King.

[¶3.]     At the February 6 hearing, the following exchange took place:

> **Court:**  Do you understand that by entering a plea of guilty, you'll be giving up certain of your rights that I've previously explained, specifically your right to a jury trial?
>
> **Defendant:** Yes, Your Honor.
>
> **Court:**  And your right to confront the State's witnesses against you?
>
> **Defendant:** Yes, Your Honor.
>
> **Court:**  And the right to not testify and remain silent?  You'd be giving up all of that?
>
> **Defendant:** Yes, Your Honor.

> **Court:** All right. Counsel, have you explained all of his constitutional and statutory rights and do you believe he understands the same?
>
> **Defendant's counsel:** I have, Judge. He fully understands them.
>
> . . . .
>
> **Court:** Apart from the agreement that's been stated, has there been any force or threat or promise made to you to get you to plead guilty?
>
> **Defendant:** No, Your Honor.
>
> **Court:** Are you entering this plea of your own free will and accord?
>
> **Defendant:** Yes, Your Honor.
>
> . . . .
>
> **Court:** . . . [H]ow now do you plead?
>
> **Defendant:** Guilty, Your Honor.
>
> **Court:** This is a voluntary plea?
>
> **Defendant:** Yes, Your Honor.

King pleaded guilty pursuant to a plea agreement whereby the State agreed that it would not pursue other charges or a part II Information. King also explained the factual basis of his guilty plea to the court. On April 3, 2013, Judge Smith sentenced King to eight years in the penitentiary. King now appeals to this Court arguing Judge Smith failed to properly advise King of all of his constitutional and statutory rights at King's plea hearing and that his sentence violated the Eighth Amendment.

*Standard of Review*

[¶4.]     An alleged violation of a defendant's constitutional right to due process is reviewed de novo. *State v. Tiegen*, 2008 S.D. 6, ¶ 14, 744 N.W.2d 578, 585. Direct appeals from convictions are "afforded greater scrutiny than a collateral challenge by habeas corpus action." *State v. Anderson*, 2013 S.D. 36, ¶ 11, 831 N.W.2d 54, 57

(citation omitted). "Thus, on a direct appeal from a conviction the defendant is entitled to all presumptions and protections possible under our constitution." *Id.* (citation omitted).

## Decision

[¶5.] King concedes he was properly advised at his December 7, 2012 arraignment in front of Judge Gering. Rather, King argues that he was not properly advised at his second arraignment and change of plea hearing in front of Judge Smith on February 6, 2013. King contends that he was not fully advised of his *Boykin* rights. King further contends that Judge Smith's right to jury advisement failed because Judge Smith did not advise King that "he had the right to a speedy, public trial by an impartial jury in Aurora County." As a result, King "was denied due process of the law" and requests this Court to remand "for a full advisement and re-arraignment."

[¶6.] By pleading guilty, a defendant waives three fundamental constitutional rights: the right against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969). In our review of a guilty plea, we examine the totality of the circumstances, using an objective standard, and determine if the plea was knowingly and voluntarily given. *State v. Thielsen*, 2004 S.D. 17, ¶ 22, 675 N.W.2d 429, 434 (citations omitted). To be knowing and voluntary, the record must affirmatively show a free and intelligent waiver by the defendant of his constitutional rights against self-incrimination, right to confront witnesses, right to a jury trial, and evidence that the defendant understood the

nature and consequences of his guilty plea. *Monette v. Weber*, 2009 S.D. 77, ¶ 10, 771 N.W.2d 920, 925; *see also Boykin*, 395 U.S. at 243-44, 89 S. Ct. at 1712. In making that determination, we consider "the procedure and in-court colloquy" and "other factors including the defendant's age; his prior criminal record; whether he is represented by counsel; the existence of a plea agreement; and the time between advisement of rights and entering a plea of guilty." *Monette*, 2009 S.D. 77, ¶ 12, 771 N.W.2d at 925 (quoting *State v. Apple*, 2008 S.D. 120, ¶ 14, 759 N.W.2d 283, 288).

[¶7.] Nowhere amongst the critical *Boykin* rights and SDCL chapter 23A-7 is the requirement that a defendant, prior to entering his guilty plea, be advised of his right to a jury trial in the county in which the alleged crime occurred. Instead, that right is found in South Dakota Constitution article VI, § 7, which provides in part, "In all criminal prosecutions the accused shall have the right . . . to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." *See also* SDCL 23A-16-3. Although our Constitution and related statutes require such a right be provided, an advisement prior to accepting a guilty plea need not recite every constitutional right.

[¶8.] This Court in *Croan v. State*, 295 N.W.2d 728 (S.D. 1980), and *State v. Sutton*, 317 N.W.2d 414 (S.D. 1982), heavily weighed the advisement, whether incorrect or absent, of the right to a jury trial in the county where the alleged crime occurred. However, in *Roseland v. State*, 334 N.W.2d 43 (S.D. 1983), this Court affirmed an order dismissing Defendant's petition for post-conviction relief even though Defendant was not advised prior to his guilty plea of his right to a speedy, public trial in the county where the alleged offense occurred. In doing so, this Court

backtracked from a strict requirement to advise a defendant of that right. As mentioned in *Roseland*, this Court finds an advisement sufficient when the record affirmatively shows that a defendant knowingly and voluntarily enters a plea. *Id.* at 45 (citing *State v. Holmes*, 270 N.W.2d 51, 53 (S.D. 1978)); *see also Monette*, 2009 S.D. 77, ¶ 10, 771 N.W.2d at 925.

[¶9.]     The record affirmatively shows King knowingly and voluntarily pleaded guilty. Judge Smith asked King, who was represented by counsel, if he understood that by pleading guilty he would be giving up his "right to a jury trial[.]" King responded affirmatively. Judge Smith then asked, "And your right to confront the State's witnesses against you?" King responded affirmatively. Judge Smith continued, "And the right to not testify and remain silent? You'd be giving up all of that?" King again responded affirmatively. Last, Judge Smith asked King's trial counsel whether she had explained all of King's constitutional and statutory rights and whether she believed King understood those rights. Counsel responded affirmatively.

[¶10.]     Moreover, at the time of the plea King was 45 years old, had a GED, and represented that he was able to "understand everything being presented" to him. He confirmed that he was not "under the influence of any drug or alcohol that would impede [his] ability to proceed" and was under no coercion in making his plea. King's prior criminal record reveals an extensive history with law enforcement and the judicial system, he pleaded guilty pursuant to a plea agreement, and he stated he entered his plea voluntarily. King also explained the

factual basis to his plea. Therefore, we conclude King knowingly and voluntarily entered his guilty plea.

[¶11.] King's additional contention that his eight-year penitentiary sentence constitutes cruel and unusual punishment is without merit.

[¶12.] Affirmed.

[¶13.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.