#26907-a-LSW

**2014 S.D. 71**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JOHN LEGRAND,                                    Petitioner and Appellant,

    v.

DOUGLAS WEBER, Warden,
South Dakota State Penitentiary,                 Respondent and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BEADLE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBERT L. TIMM
Judge

* * * *

JEFF LARSON
Sioux Falls, South Dakota                        Attorney for petitioner
                                                 and appellant.


MARTY J. JACKLEY
Attorney General

KIRSTEN E. JASPER
Assistant Attorney General
Pierre, South Dakota                             Attorneys for respondent
                                                 and appellee.


* * * *

CONSIDERED ON BRIEFS
ON AUGUST 25, 2014

OPINION FILED **10/01/14**

#26907

WILBUR, Justice

[¶1.]	John LeGrand, serving a 40-year sentence for a conviction of first-degree manslaughter, appeals the habeas court's judgment and order denying his application for a writ of habeas corpus. LeGrand claims that (1) his guilty plea was constitutionally deficient; (2) he was denied due process of law and his right to a jury trial when the circuit court denied his motion to withdraw his guilty plea; and (3) he was denied his right to effective assistance of counsel. We affirm the habeas court.

## Background

[¶2.]	John LeGrand, an independent building contractor, lived in a trailer park in Huron, South Dakota with his wife and three children. On the morning of April 16, 2009, LeGrand's employee R.J. Hein confronted LeGrand about unpaid wages. A short time later, LeGrand was driving when a vehicle in the opposite lane turned and purposefully blocked LeGrand's path. Hein exited the other vehicle and approached LeGrand's vehicle. As LeGrand accelerated to avoid Hein, Hein slipped on the road. LeGrand testified that he believed he ran over Hein's leg. Later that day, a mutual friend told LeGrand that Hein was upset and that "there was going to be problems."

[¶3.]	Around 5:30 that evening, Hein arrived at LeGrand's trailer while LeGrand, his wife, and his two youngest children were at home. LeGrand testified that he equipped himself with a loaded shotgun out of fear and confronted Hein at the front of his home. As LeGrand approached Hein, Hein charged into his home with a knife. LeGrand fired four shots at Hein fatally wounding him. LeGrand

-1-

alleged that all of the shots occurred in the hallway of his home. Law enforcement discovered Hein's body on the driveway.[1] Two knives were found on Hein's person and a third knife was found near him on the entry to LeGrand's home. Autopsy reports indicate that, at the time of Hein's death, Hein had a 0.30 blood alcohol content level.

[¶4.] On July 29, 2009, a Beadle County Grand Jury indicted LeGrand for murder in the second degree, manslaughter in the first degree, and possession of a firearm by a felon. LeGrand received court-appointed counsel. A year later, on July 14, 2010, LeGrand was arrested in Meade County for nine new crimes, including two counts of distribution of a controlled substance to a minor, distribution of marijuana, and possession of a controlled drug or substance and marijuana.[2]

[¶5.] On September 8, 2010, LeGrand signed a plea agreement covering the charges in both Beadle and Meade Counties. The plea agreement provided that LeGrand plead guilty to manslaughter in the first degree and that LeGrand waive "any affirmative defense, including self-defense, and any claims of excusable or justifiable homicide. . . ." The plea agreement further stipulated that the State would recommend a sentence not in excess of 40 years and not fewer than 30 years.[3]

---

1. LeGrand testified that after he shot Hein, Hein turned around and ran 10 to 15 feet from his location in the hallway to the place where he was found on the driveway.

2. During LeGrand's habeas corpus hearing on April 22, 2013, LeGrand's counsel in the Meade County case testified that the nine felony counts added up to a potential maximum sentence of 175 years.

3. The plea agreement contained a "Certificate of Counsel," which was signed by LeGrand's trial counsel. The certificate provided:

(continued . . .)

That same day, LeGrand appeared before the Honorable Vincent A. Foley to plead guilty to the counts agreed upon in the plea agreement. Judge Foley discussed with LeGrand, in extensive detail, his statutory and constitutional rights, and then explained to LeGrand that he would be waiving certain rights.[4] At one point, Judge Foley asked LeGrand about his motivation for entering the plea agreement, and LeGrand responded "[b]ecause of the other charges . . . [i]n Meade County." LeGrand stated that he thought the plea agreement was a fair compromise.

[¶6.] LeGrand acknowledged to the court that he understood the plea agreement, he had the opportunity to review the document fully, he did in fact review the document with his attorneys, his attorneys explained the relevant legal terms to him, and he did not have any questions about the document. LeGrand stated that he was 42 years of age, understood English, and held a high-school diploma. Judge Foley asked LeGrand if he was presently on any medication. LeGrand responded that he was on anxiety medication and that it helped him understand the proceedings and function day-to-day. LeGrand signed the plea

---

(. . . continued)

> We, Randolph F. Stiles and Donna L. Bucher, as attorneys for the above-named Defendant, John Lee LeGrand, hereby state that we have gone through this document with the Defendant and that he knows and understands the contents thereof. We further agree to the provisions contained within this document.

4.    The transcript of the conversation between the trial judge and LeGrand spanned over thirteen pages. The trial judge asked LeGrand a series of "yes or no" questions , and then moved on to more specific questions, such as "[w]hat level of proof does the State need to establish"; "what is the maximum penalty that the charge to which you intend to plead to carries"; "how old are you"; and "what's the extent of your education."

agreement and pleaded guilty to manslaughter in the first degree. Judge Foley determined that LeGrand's guilty plea was voluntary, knowing, and intelligent.

[¶7.]    On October 18, LeGrand filed a motion to withdraw his guilty plea and submitted an affidavit to the court. The affidavit explained that LeGrand wanted to withdraw his guilty plea because, after consideration, he believed that he had a valid defense of self-defense. The circuit court acknowledged that defense was indeed tenable, but ultimately, the court found that the motion to withdraw was simply a "change in mind." On December 20, 2010, the circuit court denied LeGrand's motion to withdraw his guilty plea.[5]

[¶8.]    On December 28, 2010, LeGrand appealed to this Court to determine whether the circuit court erred in refusing to grant LeGrand's motion to withdraw his guilty plea. This Court affirmed the circuit court. *State v. Legrand*, 804 N.W.2d 78 (2011) (unpublished table decision). On April, 23, 2012, LeGrand filed a petition for writ of habeas corpus. On November 6 and November 27, 2012, after retaining new counsel, LeGrand filed an amended and second amended application for a writ of habeas corpus claiming violations of his due process rights and a denial of the right to effective assistance of counsel. On April 22, 2013, an evidentiary hearing

---

5.    On October 29, 2010, LeGrand's trial counsel submitted a motion for continuance and a motion for an expert. LeGrand asserted that he was under the influence of medication at the time of the plea hearing and therefore his plea was not valid, knowing, and voluntary. Several physicians and a Beadle County deputy testified about LeGrand's mental state on the days leading up to and the day of the plea hearing. The testimony was consistent from each of the witnesses that LeGrand did not exhibit signs of impairment.

was held before the Honorable Robert L. Timm. The habeas court denied LeGrand relief and determined that LeGrand was provided competent counsel.

[¶9.] LeGrand raises the following issues for our review:

1. Whether LeGrand's guilty plea was voluntary and intelligent.

2. Whether the circuit court abused its discretion when it denied LeGrand's motion to withdraw his guilty plea.

3. Whether LeGrand was denied his constitutional right to effective assistance of counsel.

**Standard of Review**

[¶10.] "A habeas corpus claim is a collateral attack on a final judgment and therefore our review is limited." *Davis v. Weber*, 2013 S.D. 88, ¶ 9, 841 N.W.2d 244, 246 (quoting *Fast Horse v. Weber*, 2013 S.D. 74, ¶ 9, 838 N.W.2d 831, 835-36). "Habeas Corpus can only be used to review (1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases whether an incarcerated defendant has been deprived of basic constitutional rights." *Id.* "We review findings of fact under the clearly erroneous standard, while we give no deference to conclusions of law and thereby apply the de novo standard." *Erickson v. Weber*, 2008 S.D. 30, ¶ 17, 748 N.W.2d 739, 744. The standard of review for "ineffective assistance of counsel is essentially a mixed question of law and fact." *Fast Horse*, 2013 S.D. 74, ¶ 10, 838 N.W.2d at 836 (quoting *Boyles v. Weber*, 2004 S.D. 31, ¶ 6, 677 N.W.2d 531, 536). This Court, however, "can substitute its own judgment as to whether counsel's representation was ineffective." *Davi v. Class*, 2000 S.D. 30, ¶ 15, 609 N.W.2d 107, 112.

## Analysis

[¶11.]      **1.      Whether LeGrand's guilty plea was voluntary and intelligent.**

[¶12.]      LeGrand argues that his guilty plea violated his due process rights because it was not voluntary and intelligent. As a basis, LeGrand alleges that neither the circuit court nor his trial counsel adequately canvassed him on the availability of the defenses of self-defense and justifiable homicide or the State's burden of proof for affirmative defenses. LeGrand claims that, absent adequate canvassing, his guilty plea was not voluntary and intelligent. Furthermore, LeGrand raises for the first time on appeal an argument that his sentence was not authorized by law due to procedural violations of SDCL chapter 23A-7 (Rule 11), and, but for these violations, he would not have entered a guilty plea.

[¶13.]      Due process requires that certain constitutional and procedural rights be followed when a defendant enters a guilty plea. *State v. Apple*, 2008 S.D. 120, ¶ 10, 759 N.W.2d 283, 287. A plea of guilty waives the constitutionally guaranteed rights against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969). Because the defendant is waiving constitutionally guaranteed rights, an admission of guilt must be voluntary and intelligent. *State v. Outka*, 2014 S.D. 11, ¶ 32, 844 N.W.2d 598, 607. A guilty plea is voluntary and intelligent when the record affirmatively shows that "the accused has a full understanding of his constitutional rights and, having that understanding, waives these rights by a plea of guilty." *Id.* (quoting *State v. Beckley*, 2007 S.D. 122, ¶ 8, 742 N.W.2d 841, 843).

[¶14.]     Certain criminal procedural rules act to ensure that guilty pleas are voluntary and intelligent. *Apple*, 2008 S.D. 120, ¶ 10, 759 N.W.2d at 607; *see* Fed. R. Crim. P. 11; SDCL chapter 23A-7. SDCL 23A-7-2 (Rule 11(a)) and SDCL 23A-7-14 (Rule 11(f)) require the circuit court to assess whether a factual basis exists for a plea of guilty. In addition, SDCL 23A-7-4 (Rule 11(c)) sets forth a list of guidelines for a court to follow before accepting the plea to determine that a guilty plea is voluntary and intelligent. *Outka*, 2014 S.D. 11, ¶ 33, 844 N.W.2d at 608. Absent from these guidelines is an explicit requirement that a court canvass a defendant as to any potential affirmative defenses. *See* SDCL 23A-7-2 (Rule 11(a)); SDCL 23A-7-4 (Rule 11(c)); SDCL 23A-7-14 (Rule 11(f)); *Lodermeier v. State*, 273 N.W.2d 163, 166 (S.D. 1978) (holding that there is no requirement for a circuit court to advise a defendant of any defense of which he had prior knowledge); *see also United States v. Broce*, 488 U.S. 563, 573, 109 S. Ct. 757, 764, 102 L. Ed. 2d 927 (1989) (stating that "no conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty"); *United States v. Smith*, 160 F.3d 117, 123 (2nd Cir. 1998) (declaring that "the court has no duty under Rule 11(f) to anticipate or detect, and then rule out, defenses"). Furthermore, these guidelines are merely a "procedural safeguard" and "failure to advise a defendant of all constitutional and statutory rights does not necessarily vitiate a guilty plea." *Outka*, 2014 S.D. 11, ¶ 33, 844 N.W.2d at 608 (quoting *Beckley*, 2007 S.D. 122, ¶ 10, 742 N.W.2d at 844).

[¶15.]     Ultimately, we must look at the totality of the circumstances to determine whether a plea is voluntary and intelligent. *State v. King*, 2014 S.D. 19, ¶ 6, 845 N.W.2d 908, 910. Factors to consider include "the defendant's age; his prior

criminal record; whether he is represented by counsel; the existence of a plea agreement; and the time between advisement of rights and entering a plea of guilty." *Monette v. Weber*, 2009 S.D. 77, ¶ 12, 771 N.W.2d 920 (quoting *Apple*, 2008 S.D. 120, ¶ 14, 759 N.W.2d at 288).

[¶16.] Here, the record reflects that LeGrand was motivated to enter into the agreement to secure a maximum sentence of no more than 40 years in light of the pending charges in Meade County. The circuit court asked LeGrand why he wanted to plead guilty, and LeGrand responded "[b]ecause of the other charges . . . [i]n Meade County." LeGrand faced a maximum sentence of 175 consecutive years for the nine felony charges in Meade County alone. These charges were clearly the underlying and motivating basis for entering into the plea agreement. LeGrand received the benefit of the bargain. Thus, we agree with the circuit court that the plea was voluntary.

[¶17.] LeGrand further argues that the plea was not made intelligently because neither the circuit court nor his trial counsel adequately canvassed him on the availability of the defenses of self-defense and justifiable homicide or the State's burden of proof for affirmative defenses. LeGrand claims that the court's colloquy with LeGrand should have alerted it to the need for further inquiry concerning the two affirmative defenses. LeGrand relies on two cases to support his position.

[¶18.] In *State v. Lackershire*, 734 N.W.2d 23 (Wis. 2007), the Wisconsin Supreme Court considered a situation where a female defendant pleaded guilty to statutory rape even though the facts suggested that she was the victim of rape. The court held that the circuit court's plea colloquy was inadequate. The court noted

that there were substantial questions as to whether the defendant even committed the charged offense and therefore the circuit court was obligated to make further inquiries into the factual basis of the guilty plea. The court reversed and remanded the case for a hearing on whether the defendant's plea was knowing and intelligent.

[¶19.]    The present case is distinguishable from *Lackershire* because, here, the circuit court's colloquy certainly established a factual basis for the guilty plea. The court noted that LeGrand was facing multiple charges in both Beadle and Meade Counties. LeGrand commented clearly that the nine felony charges in Meade County were the motivating basis for his plea. Furthermore, he stated that he had read and understood the plea agreement which explicitly waived the affirmative defenses of self-defense and justifiable homicide. For these reasons, the circuit court found that the plea was intelligently made.

[¶20.]    In *United States ex rel. Crosby v. Brierly*, 404 F.2d 790 (3rd Cir. 1968), the defendant pleaded guilty to two murder indictments and was sentenced to life imprisonment. The Third Circuit Court of Appeals held that the plea did not comport with due process and applied the totality of the circumstances. The court noted that the defendant was only 22 years old at the time of the plea, he repeatedly switched his plea from guilty to not guilty, the trial court did not inquire into his understanding of the consequences of the plea, his trial counsel erroneously misstated relevant law to the defendant, and the defendant presented testimony that negated the plea of guilty.

[¶21.]    Here, LeGrand was 42 years of age at the time of the plea agreement. The circuit court conducted an extensive colloquy with LeGrand that covered over

thirteen pages of transcript and consisted of many questions that required narrative answers. LeGrand's trial counsel did not misstate the law as did Brierly's counsel. Lastly, LeGrand's testimony did not contradict his plea.

[¶22.] The United States Supreme Court decision *North Carolina v. Alford* is applicable to the present issue. 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). In *Alford*, the defendant was charged with first-degree murder. The defendant pleaded guilty to second-degree murder while simultaneously disclaiming guilt because of the threat of the death penalty. The defendant argued that his plea was constitutionally deficient because he did not admit to second-degree murder. The Court noted that an individual "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.* 400 U.S. at 37, 91 S. Ct. at 167. The Court concluded that the defendant intelligently determined that a trial was not in his best interest and that his interests required an admission of guilt considering the strong evidence of actual guilt.

[¶23.] Likewise, LeGrand determined that a trial was not in his best interest in light of the nine felony charges against him in Meade County and the second-degree murder charge in Beadle County. Despite LeGrand's later protestation of innocence, there were certainly weaknesses and inconsistencies in his case. For example, Hein's body was found in the driveway despite LeGrand's testimony that Hein charged into LeGrand's home. LeGrand concluded that his interests were best served by pleading guilty to voluntary manslaughter in the first degree and securing a maximum sentence of 40 years.

[¶24.] Furthermore, LeGrand's assertion that he was not aware of the defenses of self-defense or justifiable homicide is not supported by the record. Both of these defenses were explicitly mentioned in the plea agreement and the acknowledgement of rights and consent to the plea agreement.[6] LeGrand testified during the plea hearing that he had read and reviewed both documents with his attorneys and that he did not have any questions about them. His trial counsel also testified during the habeas corpus proceeding that they had both communicated to LeGrand that he would be waiving his defenses upon signing the plea agreement. Despite the potential availability of these defenses, LeGrand concluded that the plea agreement was a "fair compromise" in light of the nine pending felony charges in Meade County.

[¶25.] The totality of the circumstances supports the conclusion that the plea was voluntary and intelligent. At the time LeGrand pleaded guilty, he was 42 years of age, he had two prior felonies and numerous misdemeanors on his record, he was represented by counsel, and he had over two weeks to consider the plea agreement before signing it. We agree with the habeas court that the plea was voluntary and intelligent.

[¶26.] LeGrand also argues for the first time on appeal to this Court that, but for the alleged SDCL chapter 23A-7 (Rule 11) violations, he would not have entered

---

6. The plea agreement states that LeGrand "[w]aives any affirmative defense, including self-defense, and any claims of excusable or justifiable homicide." The consent to the plea bargain agreement states that LeGrand waives "any affirmative defense including self-defense and any claims of excusable or justifiable homicide."

into the plea agreement. This argument was not presented to the habeas court and is therefore waived. This Court will not address arguments that are raised for the first time on appeal. *Kreisers Inc. v. First Dakota Title Ltd. P'ship*, 2014 S.D. 56, ¶ 46, 852 N.W.2d 413, 425. The habeas court and the appellee were not provided an opportunity to consider this argument, thus we decline to reach it today.[7]

[¶27.]    **2.    Whether the circuit court abused its discretion when it denied LeGrand's motion to withdraw his guilty plea.**

[¶28.]    The State asserts that the principle of res judicata applies to LeGrand's argument that the circuit court abused its discretion when it denied LeGrand's motion to withdraw his guilty plea. "It has long been settled law in South Dakota that issues which were raised in a direct appeal are res judicata on a writ of habeas corpus." *Sprik v. Class*, 1997 S.D. 134, ¶ 20, 572 N.W.2d 824, 828. Furthermore, "[r]es judicata bars the reexamination of those issues *substantially raised* in the petitioner's direct appeal." *Lodermeier*, 555 N.W.2d at 626. "The doctrine of res judicata disallows reconsidering an issue that was actually litigated or that could have been raised and decided in a prior action." *Ramos v. Weber*, 2000 S.D. 111, ¶ 8, 616 N.W.2d 88, 91.

---

7.    Even if the argument were not waived, this argument may not be proper for collateral attack. *Lien v. Class*, 1998 S.D. 7, ¶ 7 n.6, 574 N.W.2d 601, 606 n.6 (holding that "the failure of a trial court to establish a factual basis does not reach the constitutional or jurisdictional proportions necessary to bring the question within the scope of habeas corpus"); *Petrilli v. Leapley*, 491 N.W.2d 79, 82 (S.D. 1992) (stating that "a conviction based on a guilty plea is not subject to collateral attack under the federal habeas corpus act solely on the basis that a formal violation of Rule 11 occurred, such violation being neither constitutional or jurisdictional" (citing *United States v. Timmreck*, 441 U.S. 780, 783-84, 99 S. Ct. 2085, 2087, 60 L. Ed. 2d 634 (1979))).

[¶29.] On LeGrand's direct appeal to this Court, LeGrand argued that the circuit court abused its discretion in not allowing the withdrawal of his guilty plea.[8] LeGrand asked the Court to review his motion to withdraw his plea because: (1) LeGrand felt coerced by the length of time he was given to consider the plea bargain; (2) LeGrand was impaired by prescription medication during the plea hearing; (3) the State would suffer no prejudice; and (4) LeGrand had a tenable defense of self-defense or defense of his family to the charges in Beadle County.

[¶30.] Here, as he did in the direct appeal of his conviction, LeGrand raises the issue that the circuit court abused its discretion when it denied the withdrawal of his guilty plea. LeGrand asserts that this issue is not prohibited by res judicata because he is advancing arguments not addressed on direct appeal. The basis for LeGrand's argument now is that LeGrand had a tenable affirmative defense and therefore the circuit court should have allowed withdrawal due to "actual innocence" and that the plea was "contrary to truth." LeGrand alleges that the only argument raised on direct appeal involved LeGrand's mental state at the time of the plea hearing; thus, the argument on direct appeal is different than the argument

---

8. In his reply brief in this appeal, LeGrand attached as an appendix the entire brief he submitted to this Court in his direct appeal. The State objects and asks us to strike the direct appeal brief from the appendix to LeGrand's reply brief. Except for three pages, the direct appeal brief was not made part of the habeas court's record nor did the habeas court take judicial notice of LeGrand's appellate criminal file. However, SDCL 19-10-3 (Rule 201(d)) provides that "[a] court may take judicial notice, whether requested or not." We find it instructive to consider and therefore take judicial notice of LeGrand's direct appeal brief.

here. This misconstrues the record. LeGrand did indeed argue that he had a tenable affirmative defense on direct appeal.[9]

[¶31.]     Accordingly, because the arguments before us on the denial of his motion to withdraw are identical or substantially the same as the arguments raised on direct appeal, res judicata precludes the reconsideration of this issue. *See Lodermeier*, 555 N.W.2d at 626.

[¶32.]     **3.     Whether LeGrand was denied his constitutional right to effective counsel.**

[¶33.]     LeGrand presents three instances of alleged ineffective assistance of counsel. LeGrand claims that trial counsel (1) did not adequately advise him of the defenses of self-defense and justifiable homicide and the accompanying burdens of proof; (2) failed to timely file or zealously advocate for withdrawal of his guilty plea before sentencing; and (3) failed to adequately argue the presumption in favor of liberally allowing withdrawal of a plea or provide sufficient written argument to prevent a summary affirmance on appeal.

[¶34.]     We have consistently held that "[t]here is a strong presumption that counsel's performance falls within the wide range of professional assistance and the reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all circumstances." *State*

---

9.     The Appellant's Brief on direct appeal states in pertinent part: "Reviewing LeGrand's motion in light of the totality of the circumstances of the case: (1) LeGrand felt coerced; (2) LeGrand was impaired by prescription medication; (3) the State would suffer no prejudice; and (4) *LeGrand had an arguable defense to present to a jury*, it is clear that the Trial Court abused its discretion by not granting the motion." (Emphasis added.)

*v. Craig*, 2014 S.D. 43, ¶ 38, 850 N.W.2d 828, 838 (quoting *State v. Thomas*, 2011 S.D. 15, ¶ 21, 796 N.W.2d 706, 713).  This Court analyzes claims of ineffective assistance of counsel under the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  *Denoyer v. Weber*, 2005 S.D. 43, ¶ 19, 694 N.W.2d 848, 855.  Under the first prong, a defendant must show that "counsel's performance was so deficient that he was not functioning as 'counsel' guaranteed by the Sixth Amendment;" and under the second prong, a defendant "must show that counsel's deficient performance prejudiced" him.  *Steiner v. Weber*, 2011 S.D. 40, ¶ 6, 815 N.W.2d 549, 551-52.  In order to establish prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel[']s unprofessional errors, the result of the proceeding would have been different."  *Craig*, 2014 S.D. 43 ¶ 38, 850 N.W.2d at 838 (quoting *Thomas*, 2011 S.D. 15, ¶ 21, 796 N.W.2d at 713).

*Affirmative defenses and accompanying burdens of proof*

[¶35.]	At the habeas hearing, LeGrand testified that trial counsel did not adequately canvass him regarding potential defenses of self-defense and justifiable homicide and did not advise him that the State would have the burden to disprove the affirmative defenses beyond a reasonable doubt.  Both of LeGrand's court-appointed attorneys, Donna Bucher and Randolph Stiles, testified at the habeas hearing that they discussed with LeGrand the facts that would support his affirmative defenses and which facts might detract.  The habeas court asked Bucher whether they clarified the difference between self-defense and justifiable homicide.  Bucher responded that they explained the two affirmative defenses in laymen terms

and indicated that both defenses had a common feature of "reasonableness." Stiles explained to LeGrand that it was their contention that justifiable homicide may apply, but it would come down to whether it was reasonable under the totality of the circumstances. Bucher further testified that "I'm sure we had discussions about the burden of proof, I don't remember them specifically."

[¶36.] When there is a conflict in witness testimony, it is the function of the trier of fact to "resolve the factual conflicts, weigh credibility, and sort out the truth." *State v. Guthmiller*, 2014 S.D. 7, ¶ 27, 843 N.W.2d 364, 372. The habeas court weighed the credibility of LeGrand and his trial counsel and determined that LeGrand had a sufficient awareness of the affirmative defenses of self-defense and justifiable homicide at the time of the plea hearing.[10] A review of the record supports the habeas court's finding that LeGrand was fully informed of the affirmative defenses and the accompanying burdens of proof and that trial counsel's performance fell within the "wide range of professional assistance."

---

10.  Both the plea agreement and the acknowledgement of rights and consent to the plea agreement explicitly mention the waiver of self-defense and justifiable homicide. The plea agreement states that LeGrand "[w]aives any affirmative defense, including self-defense, and any claims of excusable or justifiable homicide," and the acknowledgement of rights and consent to the plea agreement states that LeGrand waives "any affirmative defense including self-defense and any claims of excusable or justifiable homicide." LeGrand testified during the plea hearing that he had read these documents and understood them. Furthermore, during the hearing on the motion to withdraw, LeGrand testified that he knew about the defense of self-defense before he entered a plea of guilty.

*Timeliness and zealous advocacy*

[¶37.]     LeGrand alleges that he received ineffective assistance of counsel because his trial counsel neither timely filed nor zealously advocated withdrawal of LeGrand's guilty plea before sentencing.  The day after entering the guilty plea, LeGrand attempted to contact his counsel and withdraw the plea.  LeGrand called his counsel three to five times the following week and received no response from them.  LeGrand then wrote a letter to his counsel asking to withdraw the guilty plea.[11]  Sixteen days later, LeGrand's counsel filed the motion to withdraw the guilty plea, which did not mention any specific grounds for withdrawal.[12]  LeGrand emphasized that his trial counsel failed to advocate the merits of the defenses of self-defense or justifiable homicide or indicate that the circuit court found self-defense to be a "tenable" and potentially meritorious defense.

[¶38.]     The circuit court conducted an extensive hearing regarding the motion to withdraw and heard evidence and testimony as to whether LeGrand was coerced, whether he had adequate time to consider the plea, whether he was impaired by

---

11.     The September 20, 2010 letter stated:

> I have been trying to get a hold of you since last week, but have been unable since day 1 of entering my guilty plea.  I have regretted it I completely don't want to plea [sic] guilty to something I did not do/commit.  Please call!  I need a change of plea!

12.     The motion to withdraw, in its entirety, stated:

> COMES NOW the defendant, and moves to withdraw the guilty plea in the above-entitled matter for the reason that the best interests of justice would be served thereby.

-17-

prescription medication, and whether the potential defenses justified withdrawal. After full consideration of the evidence, the circuit court determined that the motion to withdraw was based upon a mere change in mind.

[¶39.] Again, LeGrand has not met his heavy burden of establishing that his counsel's performance was so deficient that they were not functioning as "counsel," and that, but for their deficient performance, there is a reasonable probability that the result of the proceeding would have been different. LeGrand's trial counsel filed the motion to withdraw before sentencing occurred and the circuit court conducted an extensive hearing on the matter. LeGrand is unable to show that trial counsel's performance fell outside the "wide range of professional assistance" or that the result of the motion to withdraw hearing would have been different had the motion been submitted earlier.

*Direct appeal*

[¶40.] LeGrand alleges that trial counsel failed to provide effective assistance of counsel on appeal. First, LeGrand relies on *State v. Engelmann*, 541 N.W.2d 96, 100 (S.D. 1995) to assert that his trial counsel did not adequately argue the presumption in favor of liberally allowing withdrawal of a plea before sentencing. However, LeGrand's trial counsel did indeed advance this argument on appeal, and, in fact, cited the exact same case, *Engelmann*, that LeGrand now claims trial counsel should have cited.

[¶41.] Second, LeGrand alleges that his trial counsel failed to provide sufficient written argument to prevent a summary affirmance. As a basis, LeGrand argues that counsel did not form an adequate record, did not indicate the legitimacy

of LeGrand's affirmative defenses, and did not file a reply brief. After a review of the briefs presented on direct appeal, we agree with the habeas court that the brief was adequate.[13]

[¶42.]    With respect to all three of LeGrand's arguments of ineffective assistance of counsel, LeGrand has not shown deficient performance by counsel nor has he shown that these alleged errors prejudiced him or that there is a reasonable probability the result of the circuit court proceedings or direct appeal would have been different. Accordingly, LeGrand was not denied effective assistance of counsel.

## Conclusion

[¶43.]    The habeas court correctly determined that LeGrand's guilty plea was voluntary and intelligent. The principles of res judicata preclude us from considering whether the circuit court abused its discretion when it denied LeGrand's motion to withdraw. Lastly, LeGrand was not denied effective assistance of counsel, either during the circuit court proceedings or on appeal. We affirm.

[¶44.]    GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and SEVERSON, Justices, concur.

---

13.    We note that habeas counsel relies predominately on the same four cases that trial counsel cited on direct appeal.